892 F.2d 1051
 13 U.S.P.Q.2d 1832
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
J. KINDERMAN & SONS, INC., Appellant,
v.
GENERAL ELECTRIC COMPANY, Appellee.
 No. 89-1498.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1989.
 
 Before NEWMAN and MAYER, Circuit Judges, and EDWARD DUMBAULD, Senior District Judge.*
 NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The Trademark Trial and Appeal Board of the United States Patent and Trademark Office sustained the opposition of the General Electric Company to registration, by J. Kinderman & Sons, of the mark STRING-A-SET for electric Christmas tree light sets. The Board found likelihood of confusion between this mark and General Electric's mark STRING-A-LONG for the same goods. We affirm the Board's holding.
 
 OPINION
 
 2
 On application of the factors set out in In re E.I. Du Pont de Nemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973), we observe that the goods are identical; the appearance of the marks is similar; the connotation of the marks is similar; the goods are sold in the same channels of trade, and are directly competitive; and the purchasing public for these articles is not deemed sophisticated. Neither side presented significant evidence of the presence or absence of actual confusion.
 
 
 3
 Applicant Kinderman claims first use of STRING-A-SET in 1986, while General Electric alleges first use of STRING-A-LONG in 1979. The earlier use merits weight, along with the other factors. See Specialty Brands, Inc. v. Coffee Bean Distributors, Inc., 748 F.2d 669, 674, 223 USPQ 1281, 1284 (Fed.Cir.1984).
 
 
 4
 We have considered all the arguments properly before us,[1] and conclude that the Board correctly found likelihood of consumer confusion between these terms, and thus that the requirements for registration of STRING-A-SET are not met. 15 U.S.C. § 1052(d) (1982).
 
 
 
 *
 Edward Dumbauld, Senior District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation pursuant to 28 U.S.C. § 293(a)
 
 
 [1]
 The court grants the request of Kinderman to strike the November 13, 1989 letter from General Electric's counsel